IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| KIRSTEN MESSMER, <br><br> Plaintiff, <br><br> v. <br><br> DONNIE HARRISON, in his Official Capacity as Sheriff of Wake County, North Carolina, PAT McCRORY, in his Official Capacity as Governor of North Carolina, ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, Kirsten Messmer, by and through undersigned counsel, for her Complaint against the Defendants, alleges as follows:

## INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks declaratory and injunctive relief challenging the State of North Carolina's prohibition on otherwise qualified lawful permanent resident aliens from obtaining concealed handgun permits, pursuant to North Carolina General Statute § 14-415.12(a)(1).

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783,

27643475

2797 (2008), and is "fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. The laws of North Carolina prohibit lawful permanent resident aliens from obtaining a permit for the concealed carry of handguns in public in North Carolina.

4. Ms. Messmer seeks to establish that the Second Amendment and the Fourteenth Amendment's equal protection clause render unconstitutional North Carolina's ban on lawful permanent resident aliens obtaining concealed handgun permits. Because Ms. Messmer only seeks to be treated the same as law-abiding United States citizens, the Second and Fourteenth Amendments render a ban such as that challenged in this action impermissible.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

6. This Court has personal jurisdiction over the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and practices of the State of North Carolina and within the geographic confines of the State of North Carolina.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Ms. Messmer in this District, because the events and omissions giving rise to this action are harming Ms. Messmer in this District, and because the laws at issue were enacted in this District.

## PARTIES

8. Plaintiff Kirsten Messmer is a citizen of the Federal Republic of Germany and a resident of Wake County, North Carolina.

9. Defendant Donnie Harrison is the Sheriff of Wake County, North Carolina. In his official capacity, the Sheriff is responsible for enforcing certain of North Carolina's laws, customs, practices, and policies, specifically including N.C.G.S. § 14-415.12(a)(1). In that capacity, the Sheriff is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, the Sheriff is the authority charged with processing and issuing concealed handgun permit applications in Wake County, North Carolina. He is sued in his official capacity.

10. Defendant Pat McCrory is the Governor of the State of North Carolina, and, in his official capacity, pursuant to Article III, § 5(4), the Governor must "take care that the laws be faithfully executed." In that capacity, the Governor is presently responsible for the enforcement of the laws, customs, practices and policies complained of in this action, including N.C.G.S. § 14-415.12(a)(1). He is sued in his official capacity.

11. Defendant Roy Cooper is the Attorney General of the State of North Carolina, and, in his official capacity, pursuant to N.C.G.S. § 114-2, it is the Attorney General's duty to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the State may be a party or interested. In that capacity, the Attorney General is presently enforcing the laws, customs, practices and policies complained of in this action, including N.C.G.S. § 14-415.12(a)(1). He is sued in his official capacity.

12. Defendant Frank L. Perry is the Secretary of the North Carolina Department of Public Safety, and, in his official capacity, pursuant to N.C.G.S. § 143B-601, the Secretary has a duty to plan and direct a coordinated effort by the law enforcement agencies of State government and a duty to ensure maximum cooperation between State and local law enforcement agencies in the fight against crime and to serve as the State's chief coordinating agency to control crime, to

ensure the safety of the public, and to ensure an effective and efficient State criminal justice system. In that capacity, the Secretary is presently enforcing the laws, customs, practices and policies complained of in this action, including N.C.G.S. § 14-415.12(a)(1). He is sued in his official capacity.

**FACTS**

13. Ms. Messmer has resided in Wake County since November, 2014, and recently moved to Wake County, North Carolina from Maryland. She lived in Maryland from 2002 to 2014.

14. Ms. Messmer received her permanent resident visa (a/k/a "green card") in June, 2006.

15. Ms. Messmer is a knowledgeable and trained firearms owner, having completed eight separate firearm training courses.

16. Other than the requirement that she be a United States Citizen, Ms. Messmer is qualified and can meet the criteria to be issued a North Carolina concealed handgun permit pursuant to N.C.G.S. § 14-415.12.

17. Ms. Messmer currently holds a concealed handgun permit issued by the State of Utah. She obtained a Utah permit because Utah issues permits to non-residents who live in states that do not allow concealed handgun permits, which Maryland does not. Pursuant to the rights afforded by that permit and by operation of North Carolina's reciprocity statute, N.C.G.S. § 14-415.24, Ms. Messmer can currently carry a concealed handgun in North Carolina.

18. However, Ms. Messmer's Utah permit expires on July 15, 2015, and Utah's law regarding concealed handgun permits requires Ms. Messmer to obtain a concealed handgun permit from her state of residence in order to renew her Utah permit.

19. In short, if Ms. Messmer cannot obtain a North Carolina concealed handgun permit on or before July 15, 2015, she will have no right to carry a concealed handgun in her home state of North Carolina. Thus, solely by operation of a North Carolina statute that discriminates against lawful permanent resident aliens, Ms. Messmer will lose her presently-existing right to carry a concealed handgun unless this Court grants the relief requested in this Complaint.

20. Without a concealed handgun permit, Ms. Messmer may carry a concealed handgun in North Carolina only on her own premises. Because of the citizenship requirement of N.C.G.S. § 14-415.12(a)(1), she cannot obtain a concealed handgun permit and thus will be prohibited carrying a concealed handgun in public.

21. Ms. Messmer presently carries a concealed handgun in public for self-defense, and desires to continue to do so. Ms. Messmer has both a generalized desire to carry a concealed handgun and specific needs to carry a concealed handgun.

22. Despite this, Ms. Messmer will be forced to forego carrying a concealed handgun for self-defense in public once her Utah permit expires on July 15, 2015, unless she can obtain a North Carolina concealed handgun permit. This, of course, is not possible because N.C.G.S. 14-415.12 requires her to be a United States citizen. Therefore, once Ms. Messmer's Utah permit expires, she would be subject to arrest, prosecution, fine, and imprisonment because it is unlawful to carry a concealed handgun in North Carolina without a permit.

23. Though there are certain circumstances where Ms. Messmer is allowed to openly carry a firearm in public for self-defense purposes, there are many locations and circumstances where doing so is neither feasible nor preferred.

## CONSTITUTIONAL PROVISIONS

24. The Second Amendment provides that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

25. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

26. Section 1 of the Fourteenth Amendment provides, in relevant part that "No state shall…deny to any person within its jurisdiction the equal protection of the laws."

## STATE LAW

27. N.C.G.S. § 14-415.12 provides in pertinent part:

    (a) The sheriff shall issue a permit to an applicant if the applicant qualifies under the following criteria:

    (1) **The applicant is a citizen of the United States** and has been a resident of the State 30 days or longer immediately preceding the filing of the application.

    N.C.G.S. § 14-415.12(a)(1)(emphasis added).

28. N.C.G.S. § 14-269(a1), in relevant part, prohibits one from willfully and intentionally carrying a concealed weapon unless the person is on her own premises or the person is carrying a concealed handgun while possessing a concealed handgun permit and carrying the handgun within the scope of the permit.

29. N.C.G.S. § 14-269(c) states, in relevant part, "[a]ny person violating the provisions of subsection (a1) of this section shall be guilty of a Class 2 misdemeanor for the first offense. A second or subsequent offense is punishable as a Class I felony." N.C.G.S. § 15A-1340.23(c) provides that a Class 2 misdemeanor with no prior convictions may receive a

sentence of 1-30 days with a community punishment authorized and a maximum $1000.00 fine. N.C.G.S. § 15A-1340.17(c) and (d) provides that a Class I felony with one Class A1 misdemeanor conviction (*see* N.C.G.S. § 15A-1340.14(b)(5)) may receive a presumptive sentence of 4-17 months, with a community punishment authorized and a fine subject to the court's discretion.

30. In 2010, at the time that Ms. Messmer obtained her concealed handgun permit from the State of Utah, Utah would issue concealed handgun permits to non-residents. Ms. Messmer still holds a valid Utah permit, so by operation of N.C.G.S. § 14-415.24, Ms. Messmer may lawfully carry a concealed handgun in North Carolina.

31. However, in 2011, the State of Utah amended its statutes regarding concealed handgun permits so that renewal of a permit by a non-resident requires that the non-resident obtain a permit from her state of residence if that state grants reciprocity to Utah permit holders. That, however, is impossible for Ms. Messmer, by operation of N.C.G.S. § 14-415.12(a)(1).

32. Ms. Messmer's Utah permit expires on July 15, 2015. Because North Carolina law prohibits issuance of a concealed handgun permit to anyone but United States citizen, Ms. Messmer will lose her right to carry a concealed handgun in public in North Carolina when her Utah permit expires.

**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 1983)**

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. The citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1), and all other North Carolina statutory language that prohibits lawful permanent resident aliens from obtaining a concealed handgun permit, on their face and as applied, are (1) unconstitutional

denials of equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and (2) violate Ms. Messmer's individual right to possess and carry a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

35. Defendants, by enforcing N.C.G.S. § 14-415.12(a)(1), have deprived and will continue to deprive Ms. Messmer of her Constitutional rights to equal protection and to keep and bear arms.

36. Ms. Messmer is entitled to injunctive relief that requires Defendants to treat Ms. Messmer the same as a United States citizen and thereby issue her a North Carolina concealed handgun permit upon application and fulfillment of the other statutory requirements. Ms. Messmer is further entitled to recovery of her attorney fees under 42 U.S.C. § 1988 for bringing this action.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment Act)**

37. Paragraphs 1 through 36 are realleged and incorporated herein by reference.

38. A controversy exists as to whether the citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1) is unconstitutional.

39. A declaration from this Court would settle this issue.

40. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

41. Ms. Messmer seeks a declaration that the citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1) is unconstitutional.

## REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

42. In the absence of an injunction, the citizenship requirement of N.C.G.S. § 14-415.12(a)(1) will continue to be enforced and will prevent Ms. Messmer from obtaining a North Carolina concealed handgun permit when her Utah permit expires. At that point, the unconstitutional citizenship requirement will prevent Ms. Messmer from (1) obtaining a concealed carry permit and (2) legally carrying a concealed handgun in public for self-defense, even though otherwise-qualified citizens may do so.

43. Ms. Messmer will suffer irreparable injury if the Court does not issue an injunction.

44. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Ms. Messmer the opportunity to obtain a permit to carry a concealed handgun in public.

WHEREFORE, Plaintiff Kirsten Messmer prays that this Honorable Court:

1. Issue preliminary and permanent injunctive relief that prohibits Defendants from enforcing the United States citizenship requirement of N.C.G.S. § 14-415.12(a)(1); and

2. Enter a declaratory judgment that N.C.G.S. § 14-415.12(a)(1), and all other North Carolina statutory language that restricts lawful permanent resident aliens' firearms rights and privileges based on citizenship, are null and void because they (a) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (b) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

3. Award Ms. Messmer her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

This the 10th day of March, 2015.

WILLIAMS MULLEN

BY: /s/Camden R. Webb
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1000
Raleigh, NC 27602
Telephone (919) 981-4000
Facsimile (919) 981-4300
*Attorneys for Plaintiff*