IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 5:15-cv-00097-BO

| | |
|---|---|
| KIRSTEN MESSMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONNIE HARRISON, in his Official ) <br> Capacity as Sheriff of Wake County, North ) <br> Carolina, PAT McCRORY, in his Official ) <br> Capacity as Governor of North Carolina, ) <br> ROY COOPER, in his Official Capacity as ) <br> Attorney General of North Carolina, and ) <br> FRANK L. PERRY, in his Official ) <br> Capacity as Secretary of the North ) <br> Carolina Department of Public Safety, ) <br> ) <br> Defendants. ) | **PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS PAT MCCRORY, ROY COOPER AND FRANK L. PERRY'S MOTION TO DISMISS** |

NOW COMES Plaintiff Kirsten Messmer ("Plaintiff"), by and through counsel, and files this response in opposition to Defendants Pat McCrory, Roy Cooper, and Frank L. Perry's Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I. The State defendants' substantive arguments misinterpret Second Amendment law and ignore entirely the equal protection violation created by N.C. Gen. Stat § 14-415.12.**

In their arguments pertaining to the Second Amendment, the State defendants misinterpret Second Amendment law and suggest that lawful permanent resident aliens are not a category of persons that enjoy any Second Amendment rights. For example, the State defendants cite dicta from *District of Columbia v. Heller*, 554 U.S. 570 (2008), regarding "Americans" and

"citizens," suggesting that only American citizens enjoy Second Amendment rights. (State Defendants' Brief [D.E. 22] at pp. 10-11).

This argument ignores that a key aspect of *Heller* is the application of the Second Amendment's "right of the <u>people</u>"—not "Americans" or "citizens"—to conclude that the Constitution guarantees an individual right to keep and bear arms. *Heller,* 554 U.S. at 579-91. In rendering this decision, the Supreme Court reasoned that the Second Amendment's use of the "people" has the same impact as the use of that word in the First and Fourth Amendments. *Id.* at 579. This same rationale underlies *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990), in which the Supreme Court equated the rights of the "people" under the Second Amendment with the rights of the "people" under the First and Fourth Amendments, which include lawful permanent resident aliens. The import of these decisions, of course, is that the Court has repeatedly recognized that "the people" indisputably includes lawful permanent resident aliens. *See, e.g.*, *Graham v. Richardson*, 403 U.S. 365, 371 (1971); *Truax v. Raich*, 239 U.S. 33, 39 (1915); *Yick Wo v. Hopkins*, 118 U.S. 356 (1886). The State defendants, however, ignore this line of authority. Under their reasoning, the "people" includes only American citizens, and by logical extension, only American citizens would have the right to free speech, the practice of religion, protection against unreasonable searches and seizures, and equal protection of the laws. This, of course, is not the law.

Based on the State defendants' misreading of *Heller* and disregard of more than a century of jurisprudence, it is perhaps unsurprising that in seeking dismissal of Plaintiffs' claims they ignore the glaring discrimination created by N.C. Gen. Stat. § 14-415.12 and argue that concealed carry of firearms is not constitutionally protected. Indeed, the State defendants' brief is devoid of any mention of the Equal Protection Clause issue in this case, indicating that the

State defendants, confronted with the illegality of the statute, have no response. This is striking, because the State of North Carolina affirmatively chose to discriminate against lawful permanent resident aliens—an inherently suspect class for purposes of the Equal Protection Clause—despite case law dating to Reconstruction that plainly prohibits such discrimination. Now that this obviously unconstitutional statute is challenged on equal protection grounds, the State defendants offer no answer at all.

In sum, the State of North Carolina enacted a statute that plainly discriminates against lawful permanent resident aliens, such discrimination has long been declared unlawful, the State has been called to account for this statute, and the State defendants respond by arguing that lawful permanent resident aliens have no Second Amendment rights. In doing so, the North Carolina Governor, its Attorney General, and its Secretary of Public Safety take the position in this case that "persons" entitled to protection of the laws does not include "lawfully admitted resident aliens as well as citizens of the United States," *Graham v. Richardson*, 403 U.S. 365, 371 (1971), and they ignore the glaring equal protection problem created by the statute. The State defendants' position is contrary to settled law and is an inadequate defense of an indefensibly unconstitutional statute. The State defendants' arguments should therefore be rejected.

**II.    The State defendants do not have Eleventh Amendment immunity.**

The State defendants argue that they are not proper parties because N.C. Gen. Stat. § 14-415.12 delegates to the Sheriffs of North Carolina the responsibility for deciding whether a concealed firearm applicant qualifies for a permit. This argument misses the point. While the statute assigns to a sheriff the exclusive authority to determine whether a party satisfies the statutory criteria, the statute contains no language exclusively delegating to the sheriff the burden

of defending the constitutional validity of the statute. As alleged in the Complaint, the North Carolina Constitution requires the Governor to "take care that the laws be faithfully executed." (Compl. ¶ 10.) The Attorney General bears the duty to appear on behalf of the State in any court or tribunal in any cause or matter in which the State of North Carolina may be a party. (*Id*. ¶ 11.) And the Secretary of the North Carolina Department of Public Safety, is tasked with enforcing the laws, customs, practices, and policies complained of in this action. The State defendants therefore have an obligation and duty to defend the constitutionality of North Carolina's statutory enactments. They cannot avoid these duties by simply pointing the finger at the sheriff. As the Court noted in its January 23, 2015 Order in *Veasey v. Wilkins*, No. 5:14-CV-00369-BO, attached as Exhibit A, representatives of the state are proper parties in this case, and the State defendants are indeed the appropriate representatives of the State of North Carolina for this case.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the State defendants' motion be denied.

Respectfully submitted this the 22nd day of May, 2015.

    WILLIAMS MULLEN

    BY: /s/*Camden R. Webb*
    Camden R. Webb
    N.C. State Bar No. 22374
    crwebb@williamsmullen.com
    301 Fayetteville Street, Suite 1700
    Raleigh, NC 27601
    P.O. Box 1000
    Raleigh, NC 27602
    Telephone (919) 981-4000
    Facsimile (919) 981-4300
    *Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Andrew H. Erteschik – aerteschik@poynerspruill.com

Hal F. Askins – haskins@ncdoj.gov

J. Joy Strickland – jstrickland@ncdoj.gov

J. Nicholas Ellis – jnellis@poynerspruill.com

                        WILLIAMS MULLEN

                        BY: /s/*Camden R. Webb*
                        Camden R. Webb
                        N.C. State Bar No. 22374
                        crwebb@williamsmullen.com
                        301 Fayetteville Street, Suite 1700
                        Raleigh, NC 27601
                        P.O. Box 1000
                        Raleigh, NC  27602
                        Telephone (919) 981-4000
                        Facsimile (919) 981-4300
                        *Attorneys for Plaintiffs*