IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 5:15-cv-00097-BO

| | |
|---|---|
| KIRSTEN MESSMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNIE HARRISON, in his Official )<br>Capacity as Sheriff of Wake County, North )<br>Carolina, PAT McCRORY, in his Official )<br>Capacity as Governor of North Carolina, )<br>ROY COOPER, in his Official Capacity as )<br>Attorney General of North Carolina, and )<br>FRANK L. PERRY, in his Official )<br>Capacity as Secretary of the North )<br>Carolina Department of Public Safety, )<br>)<br>Defendants. ) | **MEMORANDUM IN SUPPORT OF<br>MOTION FOR ATTORNEY'S FEES** |

Plaintiff Kirsten Messmer ("Ms. Messmer") respectfully submits this memorandum of law in support of her Motion for Attorney's Fees, with the supporting declarations attached hereto.

To save time and judicial resources, undersigned counsel will not brief the issues in full regarding Ms. Messmer's Motion for Attorney's fees, because the issues have been fully briefed in the companion case, *Veasey v. Wilkins*, Case No. 5:14-cv-00369-BO. However, two circumstances should factor into the Court's decision on Ms. Messmer's motion.

First, like Ms. Veasey, Ms. Messmer applied for her Concealed Handgun Permit shortly after the Court entered the order on preliminary injunction, and the Sheriff of Wake County issued her a CHP. (Messmer Decl. ¶¶ 4-6, Ex. A).

Second, unlike Ms. Veasey, Ms. Messmer had a Utah concealed carry permit which granted her the legal authority to carry a concealed handgun in North Carolina due to the reciprocity statute. Because of the circumstances, Ms. Messmer risked losing her right to carry a concealed

28840523_1

handgun if she did not obtain a North Carolina CHP. [See D.E.3 at pp. 2-4, 11-12 for a full briefing on this issue.] Her deadline for receiving the CHP was July 15, 2015, just four months after undersigned counsel was retained. Therefore, factor (7) from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), as applied in *Hensley v. Eckerhart,* 461 U.S. 424 (1983), is relevant to the Court's lodestar analysis. Factor (7) requires the Court to consider time limitations imposed by the client or the circumstances. In Ms. Messmer's case, it was imperative that counsel act quickly, move for a preliminary injunction, and obtain the necessary relief in time for Ms. Messmer to apply for and receive her CHP. Counsel accomplished this, and this factor weights in favor of an award of all time expended on Ms. Messmer's behalf.

Respectfully submitted, this the 28th day of August, 2015.

WILLIAMS MULLEN

BY: /s/Camden R. Webb
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1000
Raleigh, NC 27602
Telephone (919) 981-4000
Facsimile (919) 981-4300
*Attorneys for Plaintiff*

28840523_1

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Andrew H. Erteschik – aerteschik@poynerspruill.com
Hal F. Askins – haskins@ncdoj.gov
J. Joy Strickland – jstrickland@ncdoj.gov
J. Nicholas Ellis – jnellis@poynerspruill.com

WILLIAMS MULLEN

BY: /s/*Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone (919) 981-4000
Facsimile (919) 981-4300
*Attorneys for Plaintiff*