IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:15-cv-00097-BO

| | |
|---|---|
| KIRSTEN MESSMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONNIE HARRISON, in his official Capacity | ) **DECLARATION OF ALAN GURA IN** |
| as Sheriff of Wake County, North Carolina, | ) **SUPPORT OF PLAINTIFF'S** |
| PAT McCRORY, in his Official Capacity as | ) **MOTION FOR ATTORNEY'S FEES** |
| Governor of North Carolina, | ) |
| ROY COOPER, in his Official Capacity as | ) |
| Attorney General of North Carolina, and | ) |
| FRANK L. PERRY, in his Official Capacity as | ) |
| Secretary of the North Carolina Department of | ) |
| Public Safety, | ) |
| | ) |
| Defendants. | ) |

I, Alan Gura, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of the statements contained in this Declaration.

2. I am a partner with the law firm of Gura & Possessky, P.L.L.C. in Alexandria, Virginia. I graduated from Cornell University in 1992 and the Georgetown University Law Center in 1995. After completing law school, I served as a law clerk to Judge Terrence W. Boyle, United States District Court, Eastern District of North Carolina. Prior to founding Gura & Possessky, I served as a Deputy Attorney General for the State of California, as counsel to the United States Senate Judiciary Committee, and as a litigation associate for the Washington offices of Sidley Austin. I was first admitted to practice law in California in 1995. I am also an

active member in good standing of the District of Columbia Bar and the Virginia State Bar, as well as numerous federal bars.

3.     My practice is national in scope and focuses primarily on constitutional law, with an emphasis on representing individuals seeking to enforce the government's compliance with constitutional requirements.

4.     I served as lead counsel in *District of Columbia v. Heller*, 554 U.S. 570 (2008) in which my clients successfully challenged Washington, D.C.'s handgun ban before the United States Supreme Court.  I returned to the high court two years later to successfully argue in *McDonald v. City of Chicago*, 561 U.S. 742 (2010) that the Second Amendment binds not only the federal government, but state and local government officials as well.  Decisions in Second Amendment cases I have litigated also include *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012); *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011); *NRA v. City of Chicago* ('McDonald II"), 646 F.3d 992 (7th Cir. 2011); *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011); *Parker v. District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007); *Wrenn v. District of Columbia*, 2015 U.S. Dist. LEXIS 71383 (D.D.C. May 18, 2015); *Mance v. Holder*, 74 F. Supp. 3d 795 (N.D. Tex. 2015); *Suarez v. Holder*, 2015 U.S. Dist. LEXIS 19378 (M.D. Pa. Feb. 18, 2015); *Ezell v. City of Chicago*, 70 F. Supp. 3d 871 (N.D. Ill. 2014); *Binderup v. Holder*, 2014 U.S. Dist. LEXIS 135110 (E.D. Pa. Sept. 25, 2014); *Palmer v. District of Columbia*, 59 F. Supp. 3d 173 (D.D.C. 2014); and *Bateman v. Perdue*, 881 F. Supp. 2d 709 (E.D.N.C. 2012).

5.     Based upon my experience and knowledge, I am familiar with the effort required for litigating a case in which a statute is challenged as unconstitutional pursuant to 42 U.S.C. § 1983. I am familiar with the amount of time that can be required to litigate such a matter, especially when a party challenges a statute on Equal Protection and Second Amendment grounds.  I am also

familiar with the prevailing billing rates sought by and awarded to various attorneys in Second Amendment cases.

6.      I have reviewed the Declarations of Camden R. Webb and David G. Sigale setting forth the hourly billing rates for the lawyers representing the Plaintiff in this matter and the time spent by members of their law firms.

7.      In my opinion, the hourly rates charged by the attorneys who rendered legal services for the Plaintiff were, at the time rendered and today, within the range of prevailing market billing rates that have been charged and that are being charged by lawyers with the skill and experience of Plaintiff's counsel in Section 1983 cases challenging a statute on Equal Protection and Second Amendment grounds.  It is also my opinion that the time spent on the case is reasonable and reflects good billing judgment.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct

Executed on this the 8th day of September, 2015.

_____
Alan Gura