IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 5:15-cv-00097-BO

| | |
|---|---|
| KIRSTEN MESSMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **PLAINTIFF'S RESPONSE IN OPPOSITION TO THE STATE OF NORTH CAROLINA'S MOTION TO INTERVENE AND FOR EXTENSION OF TIME** |
| DONNIE HARRISON, in his Official Capacity as Sheriff of Wake County, North Carolina, | ) ) ) ) |
| Defendant. | ) ) |

NOW COME Plaintiff Kirsten Messmer, ("Plaintiff") by and through counsel, and file this response in opposition to the State of North Carolina's Motion to Intervene and Motion for Extension of Time ("Motion").

## INTRODUCTION

To date, this litigation has been dominated by government delay. From the start of the Messmer case in March, 2015, no defendant has presented any legitimate argument that the statute at issue could survive constitutional scrutiny. Counsel for the Sheriffs even acknowledged that the statute was unconstitutional, and as became obvious, the Sheriffs' only strategy was to shift responsibility for payment of attorney's fees to the State of North Carolina.

The State of North Carolina, for its part, has ignored the litigation as best it could. The State was notified of the constitutional challenge in *Veasey* on July 31, 2014, [5:14-cv-369, D.E. 16], but it did nothing in response. Undersigned counsel again notified the State of the constitutional challenge in *Veasey* on November 12, 2014. [5:14-cv-369, D.E. 24], but again the State did nothing.

1

Pursuant to this Court's order, defendants McCrory, Cooper, and Perry were joined in *Veasey* on February 20 and 23, 2015. [5:14-cv-369, D.E. 37]. These same State defendants were named in the *Messmer* case then served with process on March 16, 2015. [5:15-cv-97, D.E. 11, 12, 13]. The State participated in this litigation briefly until the Court dismissed the State defendants on July 31, 2015 in *Veasey* [5:14-cv-369, D.E. 58] and on August 5, 2015 in *Messmer*. [5:15-cv-97, D.E. 40].

As confirmed in the State's briefing on the present Motion, the day the State defendants were dismissed, they knew that if the Court awarded attorney fees, it would award them against the State of North Carolina. Yet when Plaintiffs filed their motions for attorney's fees, and thereby served both the motions and briefs on counsel for the State defendants [Exs. A, B, attached hereto], the State did not respond. Responses to the motions for attorney's fees, absent an extension of time, were due on or before September 20, 2015. *See* E.D.N.C. Local Civil Rule 7.1(e)(1). The State did not timely respond, even though counsel for the Sheriffs took an additional step and "alerted" the State of the motions for attorney's fees on September 17, 2015, three days before responses were due. Having failed to respond and having failed to seek an extension of time,[1] the State now asks the Court for an extension of time after the fact. And, in doing so, the State suggests that it must intervene as a party, even though the Governor, the Attorney General, and the Secretary of Public Safety are already in the case for the purposes of litigating the issue of attorney's fees. Under these circumstances, the State's Motion should be denied.

---

[1] Undersigned counsel agreed to two extensions of time for the Sheriffs to respond to the motions for attorney's fees, based upon representations by the Sheriffs' counsel that his professional obligations prevented him from preparing adequate responses to the motions. Undersigned counsel was not contacted by the State's counsel regarding the motions for attorney's fees until Wednesday, October 14, 2015.

2

**ARGUMENT**

Rule 24(a)(2) allows a party to intervene as of right in ongoing litigation upon a showing that (1) the applicant's motion is timely; (2) the applicant has "an interest relating to the property or transaction which is the subject of the action,"; (3) the applicant is so situated that the resolution of the action may as a practical matter impair or impede its ability to protect that interest, and (4) that applicant's interest is not "adequately represented by existing parties." *See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981); *Sagebrush Rebellion, Inc. v. Watt*. 713 F.2d 525, 527 (9th Cir. 1983). With respect to each of these elements, "a would-be intervenor bears the burden of demonstrating to the court a right to intervene." *Richman v. First Woman's Bank*, 104 F.3d 654, 658 (4th Cir. 1997).

**I.     The State's Motion is improper because it is neither accompanied by a proper pleading nor does it not properly state a claim or defense, as required by Rule 24(c).**

The Court should not allow the State's intervention motion because the State failed to comply with a basic procedural requirement for intervention. Rule 24(c) provides that "[a] motion to intervene must be . . . accompanied by a pleading that sets out the claim or defense for which intervention is sought." Accordingly, "whether of right or permissive, intervention under Rule 24 is conditioned by the Rule 24(c) requirement that the intervenor state a well-pleaded claim or defense to the action." *Rhode Island Fed'n of Teachers, AFL-CIO v. Norberg*, 630 F.2d 850, 854 (1st Cir. 1980); *Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995) (denying motion to intervene where no "pleading setting forth the claim or defense for which intervention is sought" had been filed with the motion). The State was accordingly required to file with its motion a pleading stating the "claim or defense" that it seeks

3

to advance in this action, or otherwise state with some particularity the substance of its claim or defense. It failed to satisfy this requirement.

The State, however argues that it has satisfied Rule 24(c) because its Motion spells out its position. [5:15-cv-97, D.E. 53 at 8]. This is simply not so. The State has provided nothing in its Motion but statements of general disagreement with Plaintiffs' position. It is simply untrue for the State to say that it has "described with particularity" its position, because the State has not proffered any argument whatsoever to elucidate why Plaintiffs were not a prevailing party or why any particular amount of fees was unreasonable.

## II.     The State's Motion is untimely.

When deciding whether a motion for intervention is timely, courts look to a number of factors, including the time lapse between learning of the action, the progress of the case, and the prejudice that delay might cause other parties. *Alt v. United States Envt'l Prot. Agency,* 758 F.3d 588, 591 (4th Cir. 2014). Generally, where "a case has not progressed beyond the initial pleading stage, a motion to intervene is timely." *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012); *Navistar, Inc. v. Jackson*, 840 F. Supp. 2d 357, 361 (D.D.C. 2012) (finding intervention application timely when it was filed "less than two weeks after Defendants filed their responsive pleadings, and before any discovery or substantive progress had been made in the case");.

This case has far passed the pleading stage. The Court has entered a preliminary injunction and an order on Rule 12 motions, and the Sheriff defendants have now filed a motion dismiss the case as moot. Plaintiffs do not disagree with the latter point, to the extent the Court retains equitable jurisdiction to decide whether to award attorney's fees. This case is ripe for disposition and a decision on the motions for attorney's fees.

4

The State cites to no case, and Plaintiffs can find none, that permits intervention at such a late stage of the proceedings. Moreover, the State has known about the litigation for over a year, and the State was at one time a party. But instead of participating in the action, the State disclaimed any interest in the case and chose to seek dismissal. It cannot now at this late date change course and seek to participate substantively as an intervening party.

Lastly, permitting the State to intervene will prejudice the Plaintiffs. This case has been plagued with delay, and now the State suggests that Plaintiffs should be made to wait for final resolution because the State failed to respond timely to the motions for attorney's fees. Incredibly, the State admits that it has not even reviewed the case file to develop a valid claim or defense, and seeks only to delay this matter further "to properly prepare an opposition." [5:15-cv-97, D.E. 53 at 8]. The State simply should not be allowed to impose more delay to the prejudice of the Plaintiffs.

**III.    The State's Motion is unnecessary because the State was free to file a response to Plaintiffs' motions for attorneys' fees, but it failed to do so.**

The Court dismissed the State defendants as parties in *Veasey* on July 31, 2015 and in *Messmer* on August 5, 2015. But in the orders of dismissal, the Court noted that any award of attorney's fees would be payable by the State, and thereby signaled to the State that it had a continuing interest in the case. In an action pursuant to 42 U.S.C. § 1983, the Court retains jurisdiction to hear motions for attorney's fees even after the entire action is dismissed. *See, e.g., S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987) (determination of mootness on the merits does not preclude the award of attorney fees pursuant to 42 U.S.C. § 1988); *Black Police Ass'n v. District of Columbia Bd. of Elections and Ethics*, 168 F.3d 525, 528 (D.C. Cir. 1999) (affirming an award of attorney fees notwithstanding passage of subsequent legislation mooting a Section § 1983 challenge). And defendants who were dismissed prior to final resolution of the case may

still be heard on a motion for attorney's fees. *Cf. Ehrlich v. Inc. Vill. of Sea Cliff*, 389 F. App'x 59, 62 (2d Cir. 2010) (affirming attorneys' fee award under 42 U.S.C. § 1988 entered in favor of earlier dismissed defendants); *Hernas v. City of Hickory Hills*, 517 F. Supp. 592, 593 (N.D.Ill. 1981) (granting attorneys' fees to earlier dismissed defendant). The State defendants in this case therefore had standing to respond to Plaintiffs' motions for attorney's fees by September 20, 2015.

**IV.     The State failed to timely respond to Plaintiffs' motions for attorney's fees, and the Court should not allow an untimely response.**

Local Civil Rule 7.2(e)(1) plainly sets a deadline for responding to a non-discovery motion: the non-movant must respond within 21 days. For a motion filed and served on August 28, 2015, the non-movant had to respond by September 20, 2015. The State chose not to respond to the motions for attorney's fees within the time dictated by Local Civil Rule 7.2(e)(1). Instead, the State now moves to intervene in this case in order to oppose an award of attorney's fees, even though the Governor, the Attorney General, and the Secretary of Public Safety could have filed such an opposition on or before September 20, 2015.

In reality, the State seeks an extension of time *nunc pro tunc*, because it failed to respond to the motions within the time required. However, any motion to extend time, including a motion *nunc pro tunc*, requires that the moving party show good cause for the motion. *See, e.g., Powers v. Germaine*, No. 7:06–CV–187–D, 2008 WL 2756383 (E.D.N.C. July 15, 2008)(citing Local Civil Rule 6.1 and denying a motion to extend time *nunc pro tunc*). *See also Applewhaite v. Shinton*, 859 F. Supp. 2d 157, 160 (D.D.C. 2012)(denying a motion to extend time *nunc pro tunc* to file a reply brief, when the reply brief accompanied the motion, because the movant failed to address the issue of good cause for the untimely filing).

In its Motion, the State attempts to show good cause based upon its counsel's need to review the motions for attorney's fees and prepare a response. However, this is a reason to extend time in the first instance, not once a deadline has passed. The State simply has not addressed its failure to respond and does not even attempt to explain its lack of diligence. This is likely because the State cannot offer any explanation why its dilatory actions should be excused for good cause. Indeed, Plaintiffs served the State with the motions for attorney's fees, and the Sheriffs alerted the State to the upcoming deadline. The State should be held to same standard as any litigant in this Court, and no private litigant who was properly served with a pleading to which a response was due could reasonably expect to be allowed to file a response a month after the deadline had passed without offering some convincing reason for the delay. The State has offered nothing, and it should not be allowed to file an untimely response to the motions for attorneys' fees either as a prior party to the case or as an intervenor.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court deny the State's Motion.

Respectfully submitted this the 21st day of October, 2015.

WILLIAMS MULLEN

BY: /s/*Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone (919) 981-4000
Facsimile (919) 981-4300

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Andrew H. Erteschik – aerteschik@poynerspruill.com

Hal F. Askins – haskins@ncdoj.gov

J. Joy Strickland – jstrickland@ncdoj.gov

J. Nicholas Ellis – jnellis@poynerspruill.com

WILLIAMS MULLEN

BY: /s/*Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone (919) 981-4000
Facsimile (919) 981-4300
*Attorneys for Plaintiff*