UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC.,<br><br>          Plaintiffs,<br><br>v.<br><br>BRINDELL B. WILKINS, JR., in his official capacity as Sheriff of Granville County, North Carolina,<br>PAT McCRORY, in his official capacity as Governor of North Carolina,<br>ROY COOPER, in his official capacity as Attorney General of North Carolina, and<br>FRANK L. PERRY, in his official capacity as Secretary of the North Carolina Department of Public Safety,<br><br>          Defendants. | No. 5:14-cv-00369-BO |
| KIRSTEN MESSMER,<br><br>          Plaintiff,<br><br>v.<br><br>DONNIE HARRISON, in his Official Capacity as Sheriff of Wake County, North Carolina,<br>PAT McCRORY, in his Official Capacity as Governor of North Carolina,<br>ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and<br>FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety,<br><br>         Defendants. | No. 5:15-cv-00097-BO |

**REPLY IN SUPPORT OF THE STATE OF NORTH CAROLINA'S MOTION TO INTERVENE AND MOTION FOR EXTENSION OF TIME**

Pursuant to Local Rule 7.1, the State of North Carolina ("State") submits the following Reply in support of its Motion to Intervene and Motion for Extension of Time.

**INTRODUCTION**

In their Response in Opposition to the State's Motion to Intervene and for Extension of Time the Plaintiffs contend that this litigation has "been dominated by government delay". This position is incongruous with the history of these matters.

In *Veasey,* the Plaintiffs filed four (4) requests for extensions of time [5:14-cv-369, D.E. 18, 19, 47 and 49]. The court granted Plaintiffs an additional fifth continuance on January 23, 2015, due to their failure to join necessary parties. [5:14-cv-369, D.E. 32]. On February 11, 2015, the Plaintiffs amended their complaint, adding PAT MCCRORY, in his official capacity as Governor of North Carolina, ROY COOPER, in his official capacity as Attorney General of North Carolina and FRANK L. PERRY, in his official capacity as Secretary of the North Carolina Department of Public Safety ("State Defendants") [5:14-cv-369, D.E. 33]. Less than five (5) months later[1], this Court granted the State Defendants Motion to Dismiss [5:14-cv-369, D.E. 43] and dismissed the State Defendants because they had no involvement in the concealed handgun permitting process. [5:14-cv-369, D.E. 58]. The State Defendants were not proper parties to this matter. The Court further found that the Sheriff Defendants were agents of the State and any fees awarded against the Sheriffs in the official capacities would be "paid by the State of North Carolina". [5:14-cv-369, D.E. 58]. The Court did not find that any fees assessed would be paid by the State Defendants. After the State Defendants had been dismissed, Plaintiffs filed their Motions' for Attorneys' Fees. [5:14-cv-369, D.E. 64; 5:15-cv-097, D.E. 43].

---

[1] It should be noted, Plaintiffs filed two requests for extensions to respond to the State Defendants' Motion to Dismiss. [5:14-cv-369, D.E. 47 and 49]. State Defendants filed a single request for extension of time. [5:14-cv-369, D.E. 38].

In *Messmer*, the Plaintiffs again filed four (4) motions for extensions of time[2]. [5:15-cv-097, D.E. 25, 26, 28 and 29]. On April 6, 2015, the State Defendants filed a motion to Dismiss Plaintiff's Complaint on the same basis as *Veasey*. [5:15-cv-097, D.E. 21]. On August 5, 2015, the Court dismissed the State Defendants for the reasons stated in *Veasey*. [5:15-cv-097, D.E. 40].

In *Veasey*, the Sheriff Defendants filed two (2) requests for extensions of time to respond to Plaintiffs Complaint. [5:14-cv-369, D.E. 9 and 10]. The Sherriff Defendants also filed 2 requests for extension of time to respond to Plaintiffs' request for attorneys' fees in *Veasey* and *Messmer*. [5:14-cv-369, D.E. 46 and 50; 5:15-cv-097, D.E. 67 and 71].[3]

## ARGUMENT

I. **The State's Interest In Contesting Plaintiffs' Motion For Attorneys' Fees Is Not Adequately Represented.**

A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and, for the purposes of Eleventh Amendment protection, is no different from a suit against the State. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). A claim against a government official in his official capacity is treated as an action against the government entity. Hafer v. Melo, 502 U.S. 21, 25 (1991).

This Court dismissed the State Defendants, in their official capacities as the Governor, the Attorney General and the Secretary of Public Safety, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacked subject matter jurisdiction. It is difficult to reconcile Plaintiffs' contention that a party dismissed from an action for lack of subject matter

---

[2] Two requests for extensions of time were filed by Plaintiff to respond to the State Defendants Motion to dismiss. [5:15-cv-097, D.E. 25 and 28]. The State Defendants did not request an extension of time in *Messmer*.
[3] In these matters the Plaintiffs have filed eight (8) requests for extensions of time and been granted a ninth (9) for failure to join a necessary party. The "government" defendants combined only made seven (7) requests.

jurisdiction could be responsible for attorney's fees. See, Coats v. North Carolina Cent. Univ., 1996 U.S. Dist. LEXIS 16159 at *12 (M.D.N.C. 1996) (Finding, §1988 does not create a substantive right for a plaintiff seeking attorney's fees but authorizes award of attorney's fees to parties whom prevail in §1983 lawsuits therefore, the Court must dismiss a §1988 claim for attorney's fees when the Court has dismissed plaintiffs §1983 claim for lack of subject matter jurisdiction). The State Defendants had no involvement in the concealed handgun permitting process and were not proper parties. [5:14-cv-369, D.E. 58; 5:15-cv-097, D.E. 40]. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144-45, (1993) (the entitlement conferred by the Eleventh Amendment is an immunity from suit rather than a mere defense to liability- withdrawal of jurisdiction effectively confers an immunity from suit). This Court further found that the Sheriff Defendants were responsible for determining the eligibility of an applicant for a concealed handgun permit, and that the Sheriff Defendants were not subject to the authority of the Governor, Attorney General or Secretary of the Department of Public Safety. [5:14-cv-369, D.E. 58; 5:15-cv-097, D.E. 40].

Pursuant to the Court's Orders, the State of North Carolina may be responsible for Plaintiffs' attorneys' fees awarded against the Sheriff Defendants considered "for the purposes of this case" as "state agent[s]". [5:14-cv-369, D.E. 58; 5:15-cv-097, D.E. 40]. Certainly, the Sherriff Defendants were not acting as agents to the dismissed State Defendants who had no involvement in the concealed handgun permitting and had no authority over the Sheriffs. The State Defendants are immune from suit in this matter and are not responsible for any fees awarded against the Defendant Sheriffs as "agents" of the State. The State of North Carolina is not and has never been a party to this action. The State must be allowed to contest whether

Plaintiffs are the "prevailing party", whether the amount, if any, of the fees award is reasonable and the party responsible for any fees.

Plaintiffs rely on Ehrlich v. Inc. Vill. of Sea Cliff, 389 F. App'x 59 (2d Cir. 2010) for the proposition that the dismissed, and immune State Defendants are subject to the Court's jurisdiction and should have filed opposition to Plaintiffs' Motion for Attorneys' Fees. This reliance is misplaced. In Ehrlrich, the court allowed plaintiff's claims to go to trial but dismissed several defendants as matter of law and later granted the dismissed defendants request for attorney's fees. The defendants in Ehrlich requested and were awarded attorney's fees after the resolution of the matter. The court maintained jurisdiction based on the defendants' request. Id. at 62. In the mater *sub judice*, the State Defendants were dismissed from the matter for lack of jurisdiction and made no request for fees.

## CONCLUSION

For the forgoing reasons, The State of North Carolina respectfully requests that the Court grant its Motion to Intervene and Motion for Extension of Time.

Respectfully submitted the 3rd day of November, 2015.

        ROY COOPER
        Attorney General

        /s/ Charles G. Whitehead
        Charles G. Whitehead
        Special Deputy Attorney General
        Carolina State Bar No. 39222
        Email: cwhitehead@ncdoj.gov
        N.C. Department of Justice
        Post Office Box 629
        Raleigh, North Carolina 27602-0629
        Telephone: (919) 716-6840
        Facsimile: (919) 716-6758
        *Counsel for State of North Carolina*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record as follows:

Camden R. Webb
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601
*Counsel for Plaintiff Kirsten Messmer and Local Rule 83.1 Counsel for Plaintiffs Felicity M. Todd Veasey and Second Amendment Foundation, Inc.*

Hal F. Askins
J. Joy Strickland
N.C. Dept. of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
*Counsel for Defendants Governor Pat McCrory, Attorney General Roy Cooper and Frank L. Perry*

Andrew H. Erteschik
N.C. State Bar No. 35269
aerteschik@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: 919.783.2895
Facsimile: 919.783.1075
*Counsel for Sherriff Brindell B. Wilkins and Sherriff Donnie Harrison*

David G. Sigale
Law Firm of David G. Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
dsigale@sigalelaw.com
*Lead Counsel for Plaintiffs Felicity M. Todd Veasey and Second Amendment Foundation, Inc.*

This the 3rd day of November, 2015.

/s/ Charles G. Whitehead
Charles G. Whitehead