IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 5:15-cv-00097-BO

| | |
|---|---|
| KIRSTEN MESSMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONNIE HARRISON, in his Official Capacity ) <br> as Sheriff of Wake County, North Carolina, ) <br> PAT McCRORY, in his Official Capacity as ) <br> Governor of North Carolina, ROY COOPER, in ) <br> his Official Capacity as Attorney General of ) <br> North Carolina, and FRANK L. PERRY, in his ) <br> Official Capacity as Secretary of the North ) <br> Carolina Department of Public Safety, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |

Plaintiff Kirsten Messmer ("Plaintiff"), by and through her undersigned counsel, hereby respectfully submits this Reply Brief in Support of her Motion for Attorney's Fees.

## ARGUMENT

**I.** ***Smyth v. Rivero* Should Not Be Followed Because It Is Contrary to Supreme Court Precedent.**

Pointing to *Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), the State of North Carolina ("State") claims that Messmer cannot recover her attorneys' fees under 28 U.S.C. § 1988. According to North Carolina, a plaintiff who is awarded a preliminary injunction and subsequently obtains full relief by a change in the defendant's position cannot qualify as a "prevailing party." The Fourth Circuit's decision in *Smyth*, however, is contrary to *Lefemine v.*

1

*Wideman*, 133 S. Ct. 9 (2012) (*per curiam*), and other Supreme Court cases liberally construing the statutory term "prevailing party."

In *Hensley v. Eckerhart*, the Supreme Court found that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433 (1983) (citation omitted). This is "a generous formulation" designed to effectuate the remedial purposes of § 1988, which is to ensure "effective access to the judicial process for persons with civil rights grievances." *Id*. at 429, 433. The Court has explained, "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine*, 133 S. Ct. at 11. Consistent with the liberal construction of § 1988, and the "generous formulation" of the term "prevailing party," the Supreme Court in *Lefemine* recently rejected the Fourth Circuit's limited reading of the term.

The plaintiff in *Lefemine*, an anti-abortion protester, brought an action under 42 U.S.C. § 1983 against several police officers he claimed violated his First Amendment rights. Plaintiff sought nominal damages, a declaratory judgment, a permanent injunction, and attorneys' fees. 133 S. Ct. at 10–11. The parties filed cross-motions for summary judgment and the district court entered a permanent injunction barring the defendants "from engaging in content-based restrictions on Lefemine's display of graphic signs under similar circumstances." *Id*. at 11 (alteration omitted). The district court, however, declined to award damages, finding "the defendants were entitled to qualified immunity because the illegality of their conduct was not clearly established at the time." *Id*. The district court also denied plaintiff's motion for attorneys' fees. *Id*. The Fourth Circuit affirmed the district court's denial of attorneys' fees on grounds that the relief awarded did not "alter the relative positions of the parties: The injunction prohibited

only unlawful, but not legitimate, conduct by the defendants, and merely ordered defendants to comply with the law and safeguard Lefemine's constitutional rights in the future. No other damages were awarded." *Id*. at 11.

The Supreme Court in a *per curiam* opinion summarily reversed the Fourth Circuit.[1] The Court found that the plaintiff "desired to conduct demonstrations . . . with signs that the defendant police officers had told him he could not carry. He brought this suit in part to secure an injunction to protect himself from the defendants' standing threat of sanctions. And he succeeded in removing that threat." *Id*. At bottom, "[b]efore the ruling, the police intended to stop Lefemine from protesting with his signs; after the ruling, the police could not prevent him from demonstrating in that manner." *Id*. On the record before it, the Court found the award of an injunction "supported the award of attorney's fees." *Id*.

*Lefemine*'s reasoning controls here. Messmer desired to obtain a North Carolina Concealed Handgun Permit ("CHP"). She brought this action to secure an injunction to prevent the Defendants from abridging her rights by enforcing an unconstitutional law and she succeeded in that endeavor. Indeed, this Court noted the Sheriff admitted that N.C.G.S. § 14-415.12(a)(1)'s prohibition on lawful permanent resident aliens possessing a CHP was unconstitutional. (Doc. No. 24 at 3.) And after this Court entered an injunction in Messmer's favor enjoining the Defendants from enforcing an unconstitutional law, the Sheriff did not seek appellate review; instead, he conceded defeat and issued Messmer a CHP.

Of course, North Carolina may argue that *Lefemine*'s reasoning is inapplicable because it involved an award of a permanent injunction, not a preliminary one and so *Smyth* remains

---

[1] Because the Fourth Circuit's ruling was clearly wrong, the Supreme Court did not hear argument, and instead simply granted the petition for certiorari, vacated the Fourth Circuit's ruling, and remanded with instructions.

3

binding. This factual distinction, however, makes no difference in light of *Lefemine*'s reasoning. *Lefemine* makes plain that the critical question is whether a plaintiff through bringing a civil rights claim succeeds in obtaining some judicially sanctioned benefit. *Smyth*'s reasoning that a party must obtain a final merits ruling is an artificial form-over-substance requirement incompatible with *Lefemine*'s functional approach. Messmer obtained what she sought—a CHP—as a direct result of the litigation. That is all that is required to be a prevailing party under § 1988.

What is more, a key premise to the *Smyth* decision was that the preliminary injunction standard then applicable in the Fourth Circuit, *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, required in some circumstances only an abbreviated examination of the merits. 550 F.2d 189, 195 (4th Cir. 1977). Thus, *Blackwelder* instructed that the likelihood-of-success requirement should be considered, if at all, only after a balancing of hardships is conducted and then only under the relaxed "grave or serious questions" standard." 550 F.2d at 195–96. *Blackwelder*, however, was overruled by the Supreme Court in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and now in each case the plaintiff must "clearly demonstrate that it will *likely* succeed on the merits." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009) (emphasis in original), *vacated on other grounds*, 59 U.S. 1089 (2010). And the record here makes clear that the Court made a thorough assessment of the merits arguments offered by each side and ruled in Plaintiff's favor:

> No defendant has proffered a strong argument in support of limiting the concealed carry statute to 'citizens. No defendant objected to plaintiff's characterization in court that resident aliens are allowed to possess firearms on their premises and are even allowed to carry firearms openly in North Carolina. In fact, the Sheriff stated that he agreed with plaintiff that the law at issue in this case was unconstitutional. In light of other court rulings, the law in North Carolina, and defendants' postures in this case, plaintiff has demonstrated that she is likely to succeed on the merits.

4

(Doc. No. 24 at 3.)

*Smyth*'s frailty is further evidenced by decisions from other circuits rejecting the argument that a preliminary injunction cannot support prevailing party status. For instance, the Seventh Circuit held that a plaintiff awarded a preliminary injunction, even though the appeal was later dismissed as moot, was a prevailing party despite the court never reaching a judgment on the merits. *Young v. City of Chicago*, 202 F.3d 1000, 1000–01 (7th Cir. 2000) ("A defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought, for in such a case mootness does not alter the plaintiff's status as a prevailing party.") And in *Select Milk Producers, Inc. v. Johanns*, the District of Columbia Circuit upheld the district court's award of attorneys' fees made after the parties stipulated to the dismissal of the case as moot. 400 F.3d 939 (D.C. Cir. 2005). The court affirmed the award because the injunction had brought about a court-ordered change in the parties' relationship that was "concrete and irreversible." *Id*. at 946; *accord Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1234, 1238 (10th Cir. 2011) (finding plaintiff was prevailing party where preliminary injunction was based in part on the likelihood of success on the merits even if the case later becomes moot because of circumstances outside plaintiff's control); *Dearmore v. City of Garland,* 519 F.3d 517, 524 (5th Cir. 2008) (finding plaintiff is prevailing party where he wins a preliminary injunction based on an unambiguous indication of probable success on the merits that causes defendant to moot the action, preventing plaintiff from obtaining final relief on the merits); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 228–29 (3d Cir. 2008) (finding plaintiff who obtained preliminary injunction despite never securing a final judgment was prevailing party); *Watson v. Cnty. of Riverside*, 300 F.3d 1092 (9th Cir. 2002) (same); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551 (11th Cir. 1987) (same).

In sum, the Fourth Circuit's *per se* rule in *Smyth* that a preliminary injunction cannot support a prevailing party finding is untenable in light of Supreme Court precedent, particularly *Lefemine v. Wideman*, and the great weight of authority from outside the Fourth Circuit. In short, *Smyth* has no continuing viability and should not be followed here to deprive this civil rights Plaintiff a recovery of fees incurred to defend her rights guaranteed under the Constitution.

**II.     Plaintiff's Requested Fees Are Reasonable.**

The procedure for calculating an attorney's fee award requires three steps. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id*. (quotation marks and citation omitted). To determine a reasonable number of hours expended and the rate charged, courts apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id*. Courts next "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id*. (quotation marks and citation omitted). Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id*. (quotation marks and citation omitted).

There is a "*strong presumption* that the lodestar figure . . . represents a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (emphasis added). Indeed, in *Perdue v. Kenny A. ex rel. Winn*, *Perdue v. Kenny A.*, 559 U.S. 542 (2010), the Supreme Court made clear that the strong presumption of reasonableness attributed to the lodestar fee figure can rarely be overcome, 559 U.S. 542, 552, and then only in "extraordinary cases" that will be presented in the "rarest of circumstances." *Id*. at 560 (Kennedy, J., concurring); *see also id*. at 1678 (Thomas, J., concurring). North Carolina has made no valid argument that the lodestar calculation offered by Plaintiffs is incorrect.

6

### A. Messmer should be compensated for attempting to name a State defendant as directed by the Court.

While the Fourth Circuit ruled in *McAfee* that in calculating the lodestar a district court should "subtract hours spent on unsuccessful claims unrelated to successful ones," that rule should not apply here. The Court should recall that Messmer filed her case after this Court ordered Plaintiffs in the companion case (*Veasey et al. v. Wilkins*, No. 14-cv-369) to name certain state officers in response to Defendants' claims that North Carolina was a necessary party to the lawsuit. (*See* Doc. No. 32.) Consistent with that Order, Messmer named in her Complaint Governor Pat McCrory, Attorney General Roy Cooper, and Secretary of the North Carolina Department of Public Safety Frank L. Perry. (Doc. No. 1.) The State Defendants then moved to dismiss and this Court granted the motion. (Doc. No. 40.) It would be inequitable for Messmer to be penalized for naming Defendants that this Court ordered to be added in the companion case.

### B. Messmer should be compensated for reasonable time expended by counsel drafting and filing motions for extensions of time.

`The State argues that all fees relating to time spent by Messmer's counsel drafting and filing motions for extensions should be excluded. The Government cites no case and Plaintiff's counsel can find none, however, that categorically bar a party from recovering reasonable attorneys' fees incurred drafting and filing motions for extensions of time. In *Moshir v. Automobili Lamborghini Am. LLC*, the court allowed recovery of fees for drafting and filing two unopposed motions to extend the expert disclosure deadline. 927 F. Supp. 2d 789, 801 (D. Ariz. 2013). But the court did find it was unreasonable for counsel to have spent 11.6 hours on these tasks because neither motion included nor required a detailed factual recitation or extended legal argument. The court found the party should have spent at most half-an-hour on each motion and awarded fees for one hour. *Id*. Likewise, the court in *Amaro v. Specialized Loan Servicing*, *LLC*,

7

found a party could recover fees for half-an-hour spent on preparing an unopposed motion for extension. No. 8:10-cv-1729, 2011 WL 6181918, at *3 (M.D. Fla. Dec. 13, 2011). Finally, the court in *Robinson v. Fetterman* permitted a party to recover fees for six hours relating to the filing of several motions to extend the time to respond to summary judgment. 387 F. Supp. 2d 432, 436 (E.D. Pa. 2005). The court noted the time entries relating to the motions were reasonable because they were "included among numerous other allowable and time-consuming tasks such as the summarization of a deposition, research on a response to a motion to quash a subpoena, and the drafting of a response to defendants' motion for summary judgment." *Id*.

Given that North Carolina bases its objection on a manufactured categorical exclusion of fees relating to motions to extend deadlines, it has waived any argument that any time entry relating to such motions is unreasonable.

### C. Messmer's time records are sufficient to entitle her to the full balance of fees sought.

The State next tries to argue that a significant reduction of fees is warranted because of "block billing." Yet, the State points to not a single instance of "block billing." While some of the entries consist of a block composed of separate tasks, the time records indicate the exact amount of time spent on each task. Contrary to North Carolina's understanding of the term, "block billing" is the practice of "grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). A grouping of tasks that includes a breakdown of the time spent on each task is not "block billing."

Next, the State complains that the time entries are too vague to assess for reasonableness. This is nonsense. When read in context, each entry can be understood as relating to a task necessary to achieve the result in this case. "[W]here an attorney's time entries are vague, courts

8

may attempt to decipher them by reference to the context in which these entries occur to determine what work was involved." *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (citation, internal quotation marks, and alteration omitted). The Court should therefore award fees for all time expended, including the time reflected in those entries that the State characterizes as vague.

### D. The Court should find that the hourly rates charged by Plaintiff's counsel are reasonable because the State did not dispute those rates.

Nothing in the State's response to the Motion for Attorney's Fees disputes the reasonableness of the hourly rates charged by Plaintiff's counsel. Accordingly, Messmer respectfully request that the Court specifically find that the rates are reasonable. *See, e.g., U.S. v. $28,000.00*, 802 F.3d 1100, 1106 (9th Cir. 2015)("Because the government did not contest the market rate supported by these declarations, the district court was required to presume that rate reasonable.")

### **CONCLUSION**

Based on the foregoing, Plaintiff requests that the Court grant her attorney's fees in the amount of $41,211.50 and costs in the amount of $538.07 in this case.[2]

---

[2] Plaintiffs have submitted with this brief the Second Supplemental Declaration of Camden R. Webb which substantiates additional attorney's fees and costs expended. This results in a new total amount that Plaintiff claims.

9

Respectfully submitted this the 14th day of January 2016.

                         WILLIAMS MULLEN

                         BY: /s/*Camden R. Webb*
                         Camden R. Webb
                         N.C. State Bar No. 22374
                         crwebb@williamsmullen.com
                         301 Fayetteville Street, Suite 1700
                         Raleigh, NC 27601
                         P.O. Box 1000
                         Raleigh, NC 27602
                         Telephone (919) 981-4000
                         Facsimile (919) 981-4300
                         *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Andrew H. Erteschik – aerteschik@poynerspruill.com
    Hal F. Askins – haskins@ncdoj.gov
    J. Joy Strickland – jstrickland@ncdoj.gov

                              WILLIAMS MULLEN

                              BY: */s/ Camden R. Webb*
                              Camden R. Webb
                              N.C. State Bar No. 22374
                              crwebb@williamsmullen.com
                              P. O. Box 1000
                              Raleigh, North Carolina 27602
                              Telephone: (919) 981-4000
                              Facsimile: (919) 981-4300